IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RICHARD WAYNE CONWAY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No.  CIV-12-788-F |
| ) | |
| TRACY McCOLLUM, Warden, ) | |
| ) | |
| Respondent. ) | |

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings this action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petition, Doc. 1.  Judge Stephen P. Friot has referred this matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C).  Respondent has filed a Response, Doc. 7, and Petitioner has replied, Doc. 10.  The matter is now at issue and, for the following reasons, the undersigned recommends that the Petition be denied.

**I.      Procedural history.**

Petitioner was convicted of First Degree Murder in the District Court of Woodward County, Case No. CF-2009-410, and was sentenced to life imprisonment. Petition, at 1; Response, at 1. The Oklahoma Court of Criminal Appeals ("OCCA") affirmed Petitioner's conviction by summary opinion. Response, at Exhibit 3.

## II.   Petitioner's habeas claims.

In his two grounds for habeas relief, Petitioner maintains the trial court's failure to instruct on the defense of accident and misfortune and on the lesser offenses of first- and second-degree manslaughter deprived him of due process and a fair and impartial trial by jury. Petition, at 4.[1] Petitioner presented both of these claims of error to the OCCA and, as that court stated, contended "that the instructions provided to the jury were incomplete and deprived him of his State and Federal Constitutional rights to fully present his defense to the jury." Response, Exhibit 3, at 2.

## III.   Analysis.

### A.   Standard governing habeas review.

The district court can grant habeas relief "on the ground that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States."  The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(a) (2006).  The AEDPA "reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal."

---

[1] Page citations to the Petition are in sequential order and reflect this court's CMECF pagination.

*Harrington v. Richter,* 562 U.S. __,__, 131 S. Ct. 770, 786 (2011) (quoting *Jackson v. Virginia*, 443 U.S. 307, 332, n.5 (1979)).  Habeas relief is warranted if the OCCA's adjudication of the merits of a federal claim has resulted in a decision that was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States . . . ."  28 U.S.C. § 2254(d)(1).

A decision is "contrary to" clearly established federal law for purposes of § 2254 "if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases" or if "the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from" the result reached by the Supreme Court.  *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).  A decision involves an "unreasonable application" of federal law "if the state court identifies the correct governing legal principle from [Supreme Court] decisions but unreasonably applies that principle to the facts of the prisoner's case."  *Id.* at 413.  "[T]he AEDPA's conception of objective unreasonableness lies 'somewhere between *clearly* erroneous and unreasonable to all reasonable jurists.'"  *House v. Hatch*, 527 F.3d 1010, 1019 (10th Cir. 2008) (quoting *Maynard v. Boone*, 468 F.3d 665, 670 (10th Cir. 2006) (emphasis in original)).  Thus, the AEDPA imposes "a difficult to meet and highly deferential standard for evaluating state-court

rulings, which demands that state-court decisions be given the benefit of the doubt." *Cullen v. Pinholster*, __U.S.__, 131 S. Ct. 1388, 1398 (2011) (citations and internal quotation marks omitted).

The AEDPA further mandates that factual findings made by a state trial or appellate court are presumed correct and may be rebutted only by "clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

**B.     Grounds for relief.**

**1.     Failure to instruct on accident and misfortune.**

Before the OCCA, Petitioner claimed the trial court's failure to instruct on the defense of accident and misfortune resulted in a constitutional violation. Response, Exhibit 1, at 13-20. Because such an instruction had not been requested by Petitioner, the OCCA reviewed the proposition for plain error. *Id.*, Exhibit 3, at 2. In seeking habeas relief on this ground, however, Petitioner combines his arguments in support of this ground with the arguments in his second ground on lesser included offense instructions, generally asserting that the trial court denied him his Sixth and Fourteenth Amendment rights through its failure to instruct on what he termed as "lesser offense" theories of accident and misfortune and first- and second-degree manslaughter. Petition, at 4. Nevertheless, because Plaintiff has raised two independent grounds for relief, this report separately considers the OCCA's finding that the trial court did not

4

commit plain error in failing to instruct the jury on the defense of excusable defense homicide by reason of accident or misfortune before turning to the lesser included offense issues and Petitioner's combined argument.

In connection with the trial court's failure to instruct on the defense of accident or misfortune, "[u]nless the constitution mandates a jury instruction be given, a habeas petitioner must show that, in the context of the entire trial, the error in the instruction was so fundamentally unfair as to deny the petitioner due process." *Tiger v. Workman*, 445 F.3d 1265, 1267 (10th Cir. 2006) (citing *Middleton v. McNeil*, 541 U.S. 433, 437 (2004)).  Moreover, the failure to give an instruction "is less likely to be prejudicial than a misstatement of the law." *Henderson v. Kibbe*, 431 U.S. 145, 155 (1977).

The OCCA's review of the pertinent facts included Petitioner's testimony that he first thought the murder victim was joking when she pointed a gun at him and demanded money.  Response, Exhibit 3, at 2.  After he realized it was not a joke, Petitioner secured the gun during a brief struggle and, within four seconds, pointed the gun at the victim and shot her in the head. *Id.* at 2-3.  The OCCA held that the trial court did not commit plain error in failing to instruct on an accident and misfortune defense, reasoning that neither Petitioner's statements nor the physical evidence – including the fact that Petitioner had to pull a nine-to-ten-pound trigger – supported a case of accidental shooting. *Id.* at

3.

Petitioner argues the victim was accidently shot in his home while he was attempting to disarm her and, consequently, Petitioner was entitled a self-defense or justifiable homicide instruction. Reply, at 2-4. He fails, however, to rebut the OCCA's conclusions regarding the incongruity of an accidental shooting by a gun with a nine-to-ten-pound trigger pull. Response, Exhibit 3, at 3. Petitioner has not established that the trial court's failure to give an instruction on accident and misfortune rendered the trial fundamentally unfair.

## 2. Failure to instruct on lesser included offenses.

As stated, Petitioner combines his supporting arguments in claiming he was denied his Sixth and Fourteenth Amendment rights by the trial court's failure to instruct on what he refers to as "lesser offense" theories of accident and misfortune and first- and second-degree manslaughter. Petition, at 4. As support for both grounds, he relies on the United States Supreme Court's decisions in *Beck v. Alabama,* 447 U.S. 625 (1980), *Hooper v. Evans,* 456 U.S. 605 (1982), and *Schad v. Arizona,* 501 U.S. 624 (1991), as well as the Tenth Circuit's decision in *Taylor v. Workman,* 554 F.3d 879 (10th Cir. 2009). Petition, at 4-20; Reply, at 3-5.

What each of these decisions has in common is that a capital conviction was under review. In other words, each of these cases considered jury instructions on

lesser included offenses where the Petitioner was facing capital punishment – the death penalty. Neither the Supreme Court nor the Tenth Circuit has recognized a federal constitutional right to a lesser included offense instruction in a non-capital case. *See Beck,* 447 U.S. at 638 n.14; *Dockins v. Hines,* 374 F.3d 935, 938 (10th Cir. 2004) ("Our precedents establish a rule of 'automatic non-reviewability' for claims based on a state court's failure, in a non-capital case, to give a lesser included offense instruction.") (citing *Chavez v. Kerby,* 848 F.2d 1101, 1103 (10th Cir. 1988)); *see also Tiger,* 445 F.3d at 1268.

Accordingly, the OCCA's decision was not contrary to or an unreasonable application of Supreme Court precedent, and Petitioner is not entitled to habeas relief.

## **RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT**

For these reasons, it is the recommendation of the undersigned Magistrate Judge that the petition for writ of habeas corpus be denied.

The parties are advised of their right to file an objection to this Report and Recommendation with the Clerk of this Court by the 28th day of March , 2013, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The parties are further advised that failure to make timely objection to this Report and Recommendation waives their right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation disposes of the issues referred to the undersigned Magistrate Judge in the captioned matter.

DATED this 8th day of March, 2013.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE